UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  :
DAVID DELVA, :
  :
  :
                         Movant, :
  :    12-CR-802-4 (JMF)
               -v- :    19-CV-3623 (JMF)
  :
UNITED STATES OF AMERICA, :    OPINION AND ORDER
  :
                         Respondent. :
  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

David Delva, who was convicted following a jury trial and sentenced by former District Judge Katherine B. Forrest to 360 months' imprisonment, moves, without counsel, to "vacate, set aside, or correct" his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 289.[1]  His primary arguments are that his trial counsel and appellate counsel were constitutionally ineffective in various ways. In addition, however, he contends that his conviction under 18 U.S.C. § 924(c) should be vacated because the statute is unconstitutionally vague and that his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons that follow, Delva's motion is denied in full.

## BACKGROUND

The relevant facts can be recounted briefly. In 2013, Delva was charged for his role in a 2012 kidnapping and robbery involving a female and male victim. At the time of Delva's arrest, officers performed a protective sweep of his apartment, during which they seized drugs and a

---

[1]  Unless otherwise noted, all ECF citations are to Docket No. 12-CR-802-4 (JMF).

firearm from his bedroom.  *See United States v. Delva*, No. 12-CR-802 (KBF), 2014 WL 465149, at *7 (S.D.N.Y. Jan. 27, 2014) ("*Delva I*").  During the same arrest, officers later re-entered Delva's bedroom and seized additional items, including a cellphone and letters addressed to his uncle, Gregory Accilien (the "Accilien letters").  *See United States v. Delva*, 13 F. Supp. 3d 269, 274 (S.D.N.Y. 2014) ("*Delva II*").  Prior to trial, Delva moved to suppress all of these items.  Judge Forrest denied this motion and held that these items were seized during a valid protective sweep.  *See Delva I*, 2014 WL 465149, at *7; *Delva II*, 13 F. Supp. 3d at 277 & n.4.

On September 18, 2014, Delva was convicted by a jury of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841, 846; possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(C)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 256.  Delva appealed, primarily challenging Judge Forrest's denial of his suppression motion.  On June 1, 2017, the Second Circuit affirmed.  *See United States v. Delva*, 858 F.3d 135 (2d Cir. 2017) ("*Delva III*").  To the extent relevant here, the Court of Appeals disagreed with Judge Forrest's finding that the seizures were made pursuant to a lawful protective sweep.  *Id.* at 152.  Nevertheless, the panel found that the seizures were justified by exigent circumstances.  *Id.* at 156.  On March 19, 2018, the Supreme Court denied certiorari.  *Delva v. United States*, 138 S. Ct. 1309 (2018).

## DISCUSSION

Section 2255 permits a prisoner in federal custody to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Section 2255 requires a hearing unless the "files and records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). Thus, no hearing is required where the petitioner's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). To warrant a hearing, the petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

Here, as noted, the bulk of Delva's claims are for ineffective assistance of counsel by both his trial counsel and his counsel on appeal. In addition, he contests his Section 924(c) conviction on vagueness grounds. Finally, he challenges his Section 922(g)(1) conviction in light of the Supreme Court's decision in *Rehaif*. The Court will address these claims in turn.

**A.     Ineffective Assistance of Counsel Claims**

The majority of Delva's claims are for ineffective assistance of counsel. To prevail on these claims under the *Strickland* standard, the petitioner must prove that (1) counsel's performance was deficient, and (2) there was prejudice resulting from that deficient performance. *Gueits v. Kirkpatrick*, 612 F.3d 118, 122 (2d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To satisfy the first prong of that test, the petitioner must show that "counsel made errors *so serious* that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687 (emphasis added). In evaluating counsel's performance, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

3

*Id.* at 694. This requires that the petitioner show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). For the reasons outlined below, the Court finds that Delva has not satisfied the requirements of this demanding test.

1. **Claims with Respect to Trial Counsel**

Delva first claims that his trial counsel was ineffective for failing to investigate and introduce a metadata report from the cellphone that the Government attributed to him at trial (the "Huawei Phone"). Delva contends that the metadata report would have demonstrated that he did not own the Huawei Phone, primarily because it would have shown that there were pictures of him ("selfies") that were taken by another camera. *See* ECF No. 290 ("Pet'r's Mem."), at 3-4. Trial counsel, however, entered into a stipulation with the Government that the selfies in question were not taken by the Huawei Phone's camera. *See* ECF No. 214 ("Trial Tr."), at 927-28. That is, trial counsel made a considered, strategic decision to enter into a stipulation, instead of pursuing the metadata report. *See id.* at 928 (defense counsel discussing disagreement with Delva). Counsel's "strategic decision to stipulate falls well within the range of reasonable professional assistance." *Lang v. Callahan*, 788 F.2d 1416, 1418 (9th Cir. 1986); *see United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) ("[T]rial decisions to offer or stipulate to certain evidence . . . are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so." (internal quotation marks and citations omitted)). Moreover, because the relevant evidence was presented to the jury, Delva cannot demonstrate prejudice within the meaning of *Strickland*. *See* ECF No. 218, at 1418-21 (defense counsel explaining that the stipulation serves as circumstantial evidence that Delva owned another phone, on which the "selfies" were originally taken).

Next, Delva claims ineffective assistance of counsel because trial counsel failed to object to the district court's factual finding regarding the timing of the seizure of the cellphone and the Accilien letters during Delva's arrest. Specifically, Delva contends that, contrary to the district court's findings, the officers did not find these items while they were interviewing Accilien and conducting a protective sweep, but instead found them after the apartment was secured during a general, warrantless search of Delva's bedroom. *See* Pet'r's Mem. 6-8. But, even assuming for the sake of argument that it was unreasonable not to challenge these findings, any such error was harmless. Delva challenged the denial of his suppression motion on appeal, and the Second Circuit agreed that the district court had erred in its factual findings regarding when the officers found the cellphone and the Accilien letters. *See Delva III*, 858 F.3d at 147, 152. Nevertheless, the Second Circuit affirmed the denial of Delva's suppression motion on the ground that exigent circumstances justified the officers' reentry into Delva's bedroom, thus authorizing the subsequent seizure of the evidence, which was in plain view. *See id*. at 155-56. Accordingly, the failure of Delva's trial counsel to object to the district court's factual finding would not have affected the outcome of the case and is, therefore, harmless.

Delva also claims that trial counsel was ineffective for failing to establish in the trial record that there were no exigent circumstances that justified the warrantless seizure of the gun and Accilien letters during his arrest. *See* ECF No. 307. The focus of the Government's argument justifying the seizure, however, was not initially exigent circumstances; in fact, the Government's opposition to Delva's suppression motion did not mention exigent circumstances at all. Thus, trial counsel's decision to focus his arguments elsewhere did not constitute ineffective assistance. *Cf. Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous

5

argument."). Furthermore, Delva has not demonstrated prejudice because the Second Circuit subsequently held that there was enough evidence in the record to show that there were exigent circumstances. *Delva III*, 858 F.3d at 155-56.

Next, Delva claims that trial counsel was ineffective for failing to conduct independent DNA testing of a latex glove that was recovered at the scene. At trial, the government presented evidence that Delva's DNA was found on the glove, which was recovered from the female victim's apartment. *Id.* at 146. Delva contends that independent DNA testing would have demonstrated that the glove contained DNA from four individuals, not three, as the Government's expert testified, and that would have rendered the test inconclusive. *See* Pet'r's Mem. 46. Trial counsel, however, retained an independent DNA expert who stated that there was no collected DNA sample remaining for "defense re-testing" and that it was "unlikely that enough DNA-bearing material remains on the glove for re-testing." *Id.* at Attach. 4-B. Additionally, Delva has not provided any basis for questioning the accuracy of the government's DNA results. *See Baxter v. Conway*, No. 07-CV-2759 (VB) (GAY), 2011 WL 5881846, at *18 (S.D.N.Y. July 29, 2011), *report and recommendation adopted*, 2011 WL 5881190 (S.D.N.Y. Nov. 23, 2011) (finding that the decision to forgo independent DNA testing was reasonable when counsel retained an expert and there was no "credible scientific basis for questioning the accuracy of the DNA results"). There was also no prejudice because the information that Delva contends would have been shown by the retesting — that there was DNA evidence from four people, not three — was admitted at trial through the defense expert's testimony, which was based on the Government's DNA report. *See* Trial Tr. 1069.

Delva's final claim for ineffective assistance of trial counsel is based on the assertion that trial counsel failed to investigate and call certain witnesses to rebut the female victim's testimony

regarding the sexual assault.  But "[t]he decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision" that is within counsel's purview to make.  *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987).  In this case, defense counsel chose not to contest the fact of the female victim's sexual assault and instead focused his arguments on showing that Delva was not present at that time.  *See Delva III*, 858 F.3d at 157 (finding that counsel made a "strategic decision" with respect to how best to handle the female victim's testimony).  There is no basis to conclude that any of these decisions were unreasonable.  *Nersesian*, 824 F.2d at 1321.

### 2. Claims with Respect to Appellate Counsel

Next, Delva claims that his appellate counsel provided ineffective assistance for failing to make a series of arguments.  But counsel does not have a duty to "raise every 'colorable' claim," and reviewing courts should not "second-guess reasonable professional judgments."  *Jones v. Barnes*, 463 U.S. 745, 754 (1983); *see also Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (finding no duty for counsel to "advance every nonfrivolous argument that could be made").

First, Delva claims that appellate counsel should have argued, in his *en banc* petition, that Delva's Fifth Amendment due process rights were violated when the Second Circuit affirmed the denial of his suppression motion based on exigent circumstances, which was not ruled upon by the district court or briefed by the Government.  *See* ECF No. 307; 19-CV-3623, ECF Nos. 21, 22.  This argument fails because it is clearly established that the Court of Appeals can "affirm the denial of [a] suppression motion on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely," *United States v. Tropiano*, 50 F.3d 157, 161 (2d Cir. 1995) (internal quotation marks omitted), and the "[f]ailure to make a meritless argument does not amount to ineffective assistance," *United States*

7

*v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (per curiam) (internal quotation marks omitted).

Second, echoing one of the arguments he made with respect to trial counsel, Delva claims that appellate counsel should have affirmatively argued that there were no exigent circumstances in the direct appeal brief. This argument fails for the same reason: because "reviewing courts should not second guess the reasonable professional judgments of appellate counsel as to the most promising appeal issues." *Franza v. Stinson*, 58 F. Supp. 2d 124, 135 (S.D.N.Y. 1999). Here, it was objectively reasonable for appellate counsel to focus his attention on the issues that were contested at the trial level and to omit the exigent circumstances argument.

Finally, Delva claims that appellate counsel was deficient for not arguing that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), precluded the district court from considering acquitted conduct during sentencing. It is well established, however, that judges can consider acquitted conduct during sentencing, if the conduct was proved by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam). Delva's contention that *Watts* was effectively overruled by *Nelson* has been rejected by the Second Circuit. *See, e.g.*, *United States v. Swartz*, 758 F. App'x 108, 111-12 & n.4 (2d Cir. 2018) (summary order) (finding *Nelson* to be inapplicable to the issue of relevant conduct at sentencing).

**B.     Vagueness Challenge**

Next, Delva challenges his conviction under 18 U.S.C. § 924(c) on vagueness grounds. Delva cites *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019)[2] — cases in which the Supreme Court struck down statutory provisions for

---

[2]     Some of these arguments were raised in a Motion to Supplement the 2255 Motion filed on September 13, 2019. *See* ECF No. 297; 19-CV-3623, ECF No. 10.

vagueness — but those cases are inapposite because they dealt with residual clauses defining "crimes of violence." Here, Delva was charged under Section 924(c) for possession of a firearm "in relation to any . . . drug trafficking crime" as defined by Section 924(c)(2). The definition of "drug trafficking crime" in this statute was not at issue in those cases and was not invalidated as unconstitutionally vague. *See Jimenez v. United States*, Nos. 15-CV-4653 (AKH), 13-CR-58 (AKH), 2019 WL 5306976, at *2 (S.D.N.Y. Oct. 21, 2019) ("Although, in light of *Davis* . . . a Hobbs Act robbery is no longer a valid § 924(c) predicate offense, drug trafficking remains a valid predicate offense"); *Hernandez v. United States*, No. 17-CV-4582 (RBK), 2019 WL 4727903, at *3 (D.N.J. Sept. 27, 2019) (rejecting vagueness challenge because the petitioner's conviction "was based solely upon a drug trafficking offense"). Thus, Delva's vagueness claim is without merit.

**C.**     ***Rehaif* Claims**

Finally, Delva filed a slew of motions to amend his petition to include new claims in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See* ECF Nos. 298, 303, 305; 19-CV-3623, ECF Nos. 12, 18. In *Rehaif*, the Supreme Court held that, in a prosecution under 18 U.S.C. § 922(g), the prosecution must prove the defendant's knowledge that he belonged to the category of persons for whom it is unlawful to possess a firearm (the status element), as well as his knowledge that he possessed the firearm itself (the possession element). 139 S. Ct. at 2200.[3]

First, Delva contends that his trial counsel was ineffective for failing to challenge his indictment on the ground that it did not allege that he knew he had been convicted of a felony at the time of the firearm possession. The Second Circuit has been clear, however, that an

---

[3]     Thus, contrary to Delva's arguments about the constitutionality of Section 922(g), the statute does require proof of *mens rea*. *See* 19-CV-3623, ECF No. 12, at 4-5.

9

indictment's failure to allege the *Rehaif* knowledge element "does not mean that the indictment fails to allege a federal offense in the sense that would speak to the district court's power to hear the case." *United States v. Balde*, 943 F.3d 73, 91 (2d Cir. 2019). While the Court noted that such an indictment "may be deficient in some other way," *id.*, Delva has not shown any prejudice from the indictment's omission in this case or from his counsel's failure to raise the issue. *Cf. United States v. Miller*, — F. App'x —, No. 16-3734-cr, 2020 WL 1638459, at *1 (2d Cir. Apr. 2, 2020) (noting that "indictments suffice even if they do little more than track the language of the statute" (internal quotation marks and ellipsis omitted)). Thus, even assuming *arguendo* that Delva's attorney's conduct was objectively unreasonable in this regard — a dubious proposition — Delva's claim must be rejected.

Next, Delva contends that his conviction under 18 U.S.C. § 922(g) is invalid in light of *Rehaif*. In short, and construing his *pro se* petition liberally, Delva argues that, because the Government did not prove that he knew of his felon status, and the trial judge instructed the jury that it did not need to find such knowledge, his conviction should be vacated. *See* ECF No. 216, at 1343. Because this issue was not raised at trial or during his direct appeal, however, Delva must show either cause and actual prejudice or actual innocence in order to overcome the procedural default. *See United States v. Frady*, 456 U.S. 152, 167 (1982); *Bousley v. United States*, 523 U.S. 614, 623 (1998). Delva fails to satisfy either standard.

First, whether or not Delva can show cause, he cannot show actual prejudice. On collateral review, the Court assesses erroneous jury instructions "in the total context of the events at trial," in order to determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned." *Frady*, 456 U.S. at 169 (internal

quotation marks omitted).  That is not the case where, as here, the record "removes any doubt that [the defendant] was aware of his membership in § 922(g)(1)'s class."  *See United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020).[4]  In *Miller*, the Court held that jury instructions were improper under *Rehaif*, but — applying the plain error standard — affirmed on the ground that the error did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings" because the defendant had stipulated to being a felon, had been sentenced to more than a year in prison, and had served more than a year in prison.  *Id.*  Under those circumstances, the Court concluded that *accepting* the defendant's *Rehaif* argument would "seriously affect the fairness, integrity, or public reputation of judicial proceedings," as the Court had "no doubt that, had the *Rehaif* issue been foreseen by the district court, [the defendant] would have stipulated to knowledge of his felon status," as well.  *Id.* at 559-60.  Because he raises the issue on collateral review, Delva is subject not to the plain error standard, but to the even "more demanding cause and prejudice analysis."  *Whitley v. United States*, Nos. 16-CV-3548 (NRB), 04-CR-1381 (NRB), 2020 WL 1940897, at *7 (S.D.N.Y. Apr. 22, 2020).  It follows, *a fortiori*, that Delva's arguments fall short.  Like the defendant in *Miller*, Delva stipulated to being a felon, *see* ECF No. 214, at 1036, and his extensive prior criminal history removes any reasonable doubt that he knew he was a felon when he possessed the firearm, *see* ECF No. 300, at 2 n.1 (describing a conviction punishable by five years in prison); ECF No. 255, at 11 (noting Delva's criminal history score of eight); Presentence Report at 12-14 (listing over half a dozen convictions, including at least one other punishable by more than a year in prison).

---

[4]  *United States v. Sepulveda*, No. 18-CR-363 (RJS), 2019 WL 5704398 (S.D.N.Y. Nov. 5, 2019), upon which Delva heavily relies, *see, e.g.*, ECF No. 305, is no longer good law in light of the Second Circuit's decision in *Miller*.  In any event, *Sepulveda* is distinguishable because the court there applied the less-demanding plain error standard.

Nor can Delva meet the standard for actual innocence, which requires proof that "in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation marks omitted). The only evidence that Delva puts forth to show innocence is his own self-serving affidavit, which states that, at the time of the crime, he "did not know [he] was a felon." *See* ECF No. 305, at 5, 7. That is insufficient to establish actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993) (stating that "motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations"); *see also id.* at 423 (O'Connor, J., concurring) (discussing the need to view affidavits filed "at the 11th hour" with "a fair degree of skepticism"); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations . . . with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."); *cf. Krasniqi v. United States*, 195 F. Supp. 3d 621, 634 (S.D.N.Y. 2016) (noting that "self-serving, uncorroborated" affidavits were not sufficient to establish an ineffective assistance of counsel claim). The fact that Delva entered into a stipulation regarding his previous conviction in light of his extensive criminal history further undermines his claim that he had no knowledge of his felon status at the time. *See Hughey v. United States*, No. 16-CV-184 (TH), 2019 WL 4277401, at * 1 (E.D. Tex. Sept. 10, 2019) (denying a *Rehaif* claim in part because the defendant entered into a stipulation regarding his past felony); *United States v. Anderson*, No. 10-CR-0113 (LSC) (JHE), 2019 WL 3806104, at *2 (N.D. Ala. July 26, 2019) (noting that a stipulation to three prior felonies "undermines any argument the government did not account for his knowledge he was a convicted felon").

## CONCLUSION

The Court has reviewed all of Delva's remaining arguments and finds them to be without merit. Accordingly, and for reasons set forth above, Delva's motion is DENIED in its entirety.

Because Delva has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). Furthermore, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate 12-CR-802, ECF Nos. 289, 297, 298, 303, 305, and 307; to terminate 19-CV-3623, ECF Nos. 10, 12, 18, 21, and 22; to close 19-CV-3623; and to mail a copy of this Opinion and Order to Delva.

SO ORDERED.

Dated: May 7, 2020
New York, New York

                                       JESSE M. FURMAN
                                       United States District Judge